OPINION OF THE COURT
Joseph S. Calabretta, J.
This is a proceeding brought by petitioners seeking to invalidate various designating petitions. Before the taking of any testimony, the court was presented with a novel issue. It is conceded that the commissioners of deeds used a color of ink other than black in affixing their signatures or official title or both. Petitioners’ contention is that the aforesaid act is in contravention of the statute and, therefore, said noncompliance renders those petitions invalid as a matter of law. Respondents argued that there has been substantial compliance on the part of the commissioners of deeds and that a technical interpretation would disenfranchise literally hundreds of persons who signed petitions. Indeed, this is a case of first impression as the court, after thorough research, did not discover one case dealing with this issue.
The pertinent statutes in this case with regard to the issue are sections 140 and 137 of the Executive Law.
Section 140 of the Executive Law is the enabling statute for commissioners of deeds and provides in subdivision 11, *469 “A commissioner of deeds must affix, in black ink, to each instrument sworn to, acknowledged or proved, in addition to his signature, the date when his term expires and his official number as given to him by the city clerk, and must print, typewrite or stamp his name in black ink beneath his signature.” (Emphasis added.)
With reference to notaries public, section 137 of the Executive Law in pertinent part, sets forth as follows: “In exercising his powers pursuant to this article, a notary public, in addition to the venue of his act and his signature, shall print, typewrite, or stamp beneath his signature in black ink, * * * the words ‘Notary Public State of New York’ ”. (Emphasis added.) Said section further provides, “No official act of such notary public shall be held invalid on account of the failure to comply with these provisions.”
It is well to note that a validating clause was inserted as to notaries public but omitted from the statute governing the rules and conduct of commissioners of deeds.
The court finds that the error in the color of ink is not such as to fatally taint those petitions, and is not sufficient ground for striking respondents’ designating petitions. The failure of the commissioners of deeds to strictly follow the provisions of the applicable statute can only be viewed as inconsequential error or at best, a mere irregularity. There has not been the barest assertion or even suggestion that such act was done with the intent to fraudulently place candidates on the ballot.
Indeed, in Talbot v Mahoney (52 AD2d 716), the Appellate Division held that the absence of a jurat above the signature of a notary public did not invalidate a certificate of a committee to fill vacancies, and found substantial compliance with the requirements of the Election Law. The court noted that in all other respects, the affidavit was duly signed and acknowledged. No allegation or contention therein was raised as to fraud.
Indeed, the failure to affix a jurat can be viewed as a more serious omission by a notary public than the failure to use the proper color of ink by a commissioner of deeds. The court finds it inconceivable that the legislative intent in so specifying ink color, could possibly envision or encom *470 pass a situation which, because of a failure to comply with same, would result in the disenfranchisement of hundreds of voters who signed the petitions. This court would recommend that the Legislature amend section 140 of the Executive Law accordingly, and add a validating clause for the acts of the commissioners of deeds.
The court finds that there was substantial compliance with the purport of section 140 of the Executive Law, and accordingly, the motion to invalidate those petitions is denied.